FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

OCT 2 6 2016

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:16-CR-00176 |
| v. | JUDGE TRAUGER |
| [1] JONATHAN BARRETT a.k.a. "Punky" | 18 U.S.C. § 2 |
| [2] ERIC FALKOWSKI | 21 U.S.C. §§ 841(a)(1) and 846 |
| [3] DAVI VALLES, JR. | |
| [4] JOHNNY WILLIAMS | |
| [5] JASON MOSS | |

## SUPERSEDING INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES:

From beginning as early as on or about May 1, 2016 and continuing to and including on or about September 10, 2016, in the Middle District of Tennessee, and elsewhere, defendants, **[1] JONATHAN BARRETT, a.k.a. "Punky," [2] ERIC FALKOWSKI, [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS AND [5] JASON MOSS**, did knowingly and willfully combine, conspire, confederate, and agree with each other, with Preston Davis and Jennifer Dogonski, and with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute a mixture or substance containing a detectible amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the death of Individual B, and the serious bodily injury to Individuals A, C, F, G, and H, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### Object of the Conspiracy

1. The object of the conspiracy was to distribute and possess with intent to

distribute counterfeit pills that contained fentanyl.

2. A further object of the conspiracy was to obtain monetary profits in the form of illegal drug proceeds from the distribution of the counterfeit pills.

Manner and Means of the Conspiracy

The manner and means by which the defendants and co-conspirators would further and accomplish the objects of the conspiracy included, among others, the following:

1. It was part of this conspiracy to manufacture counterfeit Percocet pills using fentanyl in the Middle District of Tennessee.

2. It was further part of this conspiracy to use pill pressing equipment to form and stamp the pills to appear identical to actual Percocet pills.

3. It was further part of this conspiracy that members of the conspiracy would distribute the counterfeit pills that contained fentanyl that had the capability of causing death or serious bodily injury to their customers.

Overt Acts

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the members of the conspiracy committed the following overt acts, among others:

1. During the period of this conspiracy, **[2] ERIC FALKOWSKI** produced counterfeit Percocet pills using various pill presses and a mixture of fentanyl, alprazolam and other substances.

2. In or about May 2016, **[2] ERIC FALKOWSKI** moved part of his pill making operation to the Middle District of Tennessee after law enforcement conducted a search of his Florida home and seized his pill presses.

3. During the period of this conspiracy, Preston Davis was one of **[2] ERIC**

2

FALKOWSKI's mid-level distributors of Fentanyl in Middle Tennessee. **[2] FALKOWSKI** and Davis used Davis' residence in Madison, Tennessee to both store fentanyl and manufacture pills, including those containing fentanyl and alprazolam.

4. During the period of this conspiracy, **[2] ERIC FALKOWSKI** and Preston Davis possessed, among other things, a pill press, a crank for a pill press, multiple dies capable of embedding text onto pills, including one die that spelled out "A333," a pill grinder, fentanyl, alprazolam and other drug manufacturing and drug trafficking related paraphernalia.

5. During the period of this conspiracy, **[2] ERIC FALKOWSKI**, distributed fentanyl in the Middle District of Tennessee to several other distributors, including: Preston Davis, **[1] JONATHAN BARRETT, a.k.a. "Punky," [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS, [5] JASON MOSS** and others known and unknown to the Grand Jury.

6. On or about July 5, 2016, **[2] ERIC FALKOWSKI** distributed approximately 400 pills of a mixture or substance containing a detectable amount of fentanyl to Preston Davis. The pills were counterfeit Percocet, white in color with "A333" stamped on them.

7. On or about July 5, 2016, after Preston Davis obtained the approximately 400 "A333" fentanyl pills, Preston Davis distributed those pills to **[3] DAVI VALLES, JR.**

8. On or about July 5, 2016, after **[3] DAVI VALLES, JR.** obtained the approximately 400 "A333" fentanyl pills, **[3] VALLES** sold some of the pills to **[4] JOHNNY WILLIAMS**. **[5] JASON MOSS** drove **[4] WILLIAMS** to the Nashville, Tennessee area to meet with **[3] VALLES** to purchase and pick up the "A333" fentanyl pills. After obtaining the pills from **[3] VALLES, [4] WILLIAMS** and **[5] MOSS** took the pills back to the Murfreesboro, Tennessee area for distribution.

9. On or about July 5, 2016, **[4] JOHNNY WILLIAMS** communicated with Jennifer

3

Dogonski, and agreed to sell 150 of the "A333" fentanyl pills to **[1] JONATHAN BARRETT, a.k.a. "Punky,"** in Murfreesboro, Tennessee for $1,050.00 later in the day.

10. On or about July 5, 2016, **[5] JASON MOSS** drove **[4] JOHNNY WILLIAMS** to pick up Dogonski. **[4] WILLIAMS** sold some of the "A333" fentanyl pills to Dogonski at that time. Dogonski then sold a portion of the "A333" fentanyl pills that **[4] WILLIAMS** distributed to Dogonski to Individual D. Individual D consumed some of those pills and overdosed.

11. On or about July 5, 2016, **[5] JASON MOSS** then drove **[4] JOHNNY WILLIAMS** and Jennifer Dogonski to another location in Murfreesboro, Tennessee to meet with **[1] JONATHAN BARRETT, a.k.a. "Punky."** **[4] WILLIAMS** sold **[1] BARRETT** 150 of the "A333" fentanyl pills for $1,050.00. **[4] WILLIAMS** paid Dogonski $150.00 for her participation.

12. Beginning on or about July 5, 2016, through on or about July 6, 2016, **[1] JONATHAN BARRETT, a.k.a. "Punky,"** sold and distributed all 150 "A333" fentanyl pills he purchased from **[4] JOHNNY WILLIAMS** to individuals in and around the Murfreesboro, Tennessee area.

13. On or about July 6, 2016, **[1] JONATHAN BARRETT, a.k.a. "Punky,"** learned that individuals were being hospitalized as a result of consuming the "A333" fentanyl pills, and sent Jennifer Dogonski the following text message at approximately 11:49 a.m.: "The. Imprints. Are. Wrong. They. Crumble. In to dust. Real. Easy. And. People. Are. Getting. F**ked up. And. Going yo hospital. He. Getting. People on them." Thereafter, **[1] BARRETT** continued to sell the "A333" fentanyl pills.

14. **[1] JONATHAN BARRETT, a.k.a. "Punky,"** later learned that individuals may have died as a result of consuming the "A333" fentanyl pills, and sent Dogonski the following text

4

message at approximately 12:49 p.m.: "Girl. That was. At hospital. Just. Died. Off. Those." Thereafter, **[1] BARRETT** continued selling the "A333" fentanyl pills, and approximately 45 minutes later, sent a potential customer the following text message: "got. 8. Left."

15. On or about July 5, 2016 through on or about July 6, 2016, Individual A obtained some of the "A333" fentanyl pills distributed by **[1] JONATHAN BARRETT, a.k.a. "Punky."** Individual A consumed some of the pills, overdosed and had to be taken to the hospital.

16. On or about July 5, 2016 through on or about July 6, 2016, Individual B obtained some of the "A333" fentanyl pills distributed by **[1] JONATHAN BARRETT, a.k.a. "Punky."** Individual B consumed some of the pills, overdosed and died as a result.

17. On or about July 5, 2016 through on or about July 6, 2016, Individual C obtained some of the "A333" fentanyl pills distributed by **[1] JONATHAN BARRETT, a.k.a. "Punky."** Individual C consumed some of the pills, overdosed and had to be taken to the hospital.

18. On or about July 5, 2016 through on or about July 6, 2016, Individual F obtained some of the "A333" fentanyl pills distributed by **[1] JONATHAN BARRETT, a.k.a. "Punky."** Individual F consumed some of the pills, overdosed and had to be taken to the hospital.

19. On or about July 5, 2016 through on or about July 6, 2016, Individual G obtained some of the "A333" fentanyl pills distributed by **[1] JONATHAN BARRETT, a.k.a. "Punky."** Individual G consumed some of the pills, overdosed and had to be taken to the hospital.

20. On or about July 5, 2016 through on or about July 6, 2016, Individual H obtained some of the "A333" fentanyl pills distributed by **[1] JONATHAN BARRETT, a.k.a. "Punky."** Individual H consumed some of the pills, overdosed and had to be taken to the hospital.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

Beginning on or about July 5, 2016 and continuing to and including on or about July 6, 2016, in the Middle District of Tennessee, defendants **[1] JONATHAN BARRETT, a.k.a. "Punky," [2] ERIC FALKOWSKI, [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS AND [5] JASON MOSS**, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectible amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the serious bodily injury to Individual A.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

Beginning on or about July 5, 2016 and continuing to and including on or about July 6, 2016, in the Middle District of Tennessee, defendants **[1] JONATHAN BARRETT, a.k.a. "Punky," [2] ERIC FALKOWSKI, [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS AND [5] JASON MOSS**, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectible amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the death of Individual B.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

Beginning on or about July 5, 2016 and continuing to and including on or about July 6,

2016, in the Middle District of Tennessee, defendants **[1] JONATHAN BARRETT, a.k.a. "Punky," [2] ERIC FALKOWSKI, [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS AND [5] JASON MOSS**, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectible amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the serious bodily injury to Individual C.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

Beginning on or about July 5, 2016 and continuing to and including on or about July 6, 2016, in the Middle District of Tennessee, defendants **[2] ERIC FALKOWSKI, [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS AND [5] JASON MOSS**, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectible amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the serious bodily injury to Individual D.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT SIX

THE GRAND JURY FURTHER CHARGES:

Beginning on or about July 5, 2016 continuing to and including on or about July 6, 2016, in the Middle District of Tennessee, defendant **[2] ERIC FALKOWSKI**, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a

detectible amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the death of Individual E.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES:

Beginning on or about July 5, 2016 continuing to and including on or about July 6, 2016, in the Middle District of Tennessee, defendants **[1] JONATHAN BARRETT, a.k.a. "Punky," [2] ERIC FALKOWSKI, [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS AND [5] JASON MOSS**, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectible amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the serious bodily injury to Individual F.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES:

Beginning on or about July 5, 2016 continuing to and including on or about July 6, 2016, in the Middle District of Tennessee, defendants **[1] JONATHAN BARRETT, a.k.a. "Punky," [2] ERIC FALKOWSKI, [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS AND [5] JASON MOSS**, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectible amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the serious bodily injury to Individual G.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title

18, United States Code, Section 2.

## COUNT NINE

THE GRAND JURY FURTHER CHARGES:

Beginning on or about July 5, 2016 continuing to and including on or about July 6, 2016, in the Middle District of Tennessee, defendants, **[1] JONATHAN BARRETT, a.k.a. "Punky," [2] ERIC FALKOWSKI, [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS AND [5] JASON MOSS**, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectible amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the serious bodily injury to Individual H.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## CRIMINAL FORFEITURE

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.
2. Upon conviction of any of the violations alleged in Counts 1-9 of this indictment, the defendants, **[1] JONATHAN BARRETT, a/k/a "Punky," [2] ERIC FALKOWSKI, [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS, and [5] JASON MOSS** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853:

    (A) any property constituting, or derived from, any proceeds which the defendants, **[1] JONATHAN BARRETT, a/k/a "Punky," [2] ERIC FALKOWSKI, [3] DAVI VALLES, JR., [4] JOHNNY WILLIAMS, and [5] JASON MOSS** obtained directly or indirectly as a result of said violation; and

(B) any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violation,

including but not limited to a money judgment in an amount to be determined representing the proceeds of the offense, or the property used, or intend to be used, or to commit or facilitate the commission of the offense.

3. If any of the forfeitable property described above, as a result of any act or omission of the defendant(s),

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty;

The United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of said property listed above as subject to forfeiture.

A TRUE BILL

FOREPERSON

DAVID RIVERA
UNITED STATES ATTORNEY

ASSISTANT UNITED STATES ATTORNEY
AMANDA J. KLOPF

10